**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WAYNE BRONDEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00546-AGF |
| ) | |
| HELANA LENARD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Wayne Brondel brings this action under 42 U.S.C. § 1983. This matter is now before the Court upon several motions filed by Plaintiff, including an application to proceed in district court without prepaying fees or costs. ECF No. 24. Having reviewed the application and the financial information submitted in support, the Court will grant the application and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint. Plaintiff's motion for emergency help (ECF No. 15), motion for information (ECF No. 16), motion for subpoena (ECF No. 17), and motions to appoint counsel (ECF Nos. 18, 25) will all be denied.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

1

*v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

2

## The Complaint

On April 18, 2025, Plaintiff filed the instant action against four employees of the St. Louis Forensic Treatment Center, a Missouri Department of Mental Health (DMH) facility, where Plaintiff was civilly committed at the time.[1] ECF No. 1. In the section of the complaint which asks Plaintiff to identify what federal constitutional or statutory rights are being violated, he cites to the Missouri Department of Mental Health consumer rights and privileges and 42 U.S.C. § 1201. *Id*. at 3.

In his Statement of Claim section, Plaintiff provides a confusing recitation of facts which do not identify any individual defendants or describe any action that happened to him

For example, he states:

DOCTORS ARE PRE-MATURELY MEDS WITH-IN A DAY. MIND ALTERING DRUGS. THE NURSE KNOW DO NOT REPORT, & IN FACT DON'T EVEN PROVIDE THE MEDS. THEY LAUGH & TALK WITH OTHER STAFF ON CELLPHONES ALL THE TIME, ONLY GIVING MEDS. TO PATIENTS THAT COME RUNNING WHEN THEY HOLLAR DOWN 275 FT HALLWAY.

*Id*. at 4. Plaintiff also describes several specific events that occurred to other civilly committed individuals. Under the section describing his injuries, Plaintiff lists seemingly unrelated complaints including his hearing aids were lost by the county jail, he is supposed to go to water therapy several times a week, and his "brain doctors" are upset that he was diagnosed with schizophrenia and prescribed medications. *Id*. Plaintiff states he is punished daily but gives no specifics of how he is being punished. *Id*. at 8.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). Plaintiff was released from DMH custody on September 9, 2025. *State of Missouri v. Brondel*, No. 20CW-CR01864-01 (13th Jud. Cir., Callaway County).

For relief, Plaintiff asks to be released from DMH custody. *Id*. He also wants a full investigation of all his allegations and "ALL CRIMINAL ACT ENFORED [sic]." *Id*. He wants a jury to decide the amount of money damages owed to the other civilly committed individuals. *Id*.

Since filing his initial complaint, Plaintiff has filed an additional 14 letters and supplements to his complaint. *See* ECF Nos. 2, 5, 7-11, 13-14, 19-23, 26. Letters or supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Consequently, the Court does not accept amendments to the complaint through supplements, declarations, notices, or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). Therefore, these letters and supplements will not be considered for this review.

## Discussion

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that his claims are subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

### A. The Complaint

The Courts finds multiple legal deficiencies in the complaint and a failure to comply with the Federal Rules of Civil Procedure. First, Plaintiff fails comply with Federal Rule of Civil Procedure 8 which requires him to write a "short and plain statement showing the pleader is entitled to relief." It is hard to decipher what Plaintiff's claims are. He lists several grievances throughout the complaint which do not show he is entitled to relief. For example, Plaintiff states the county jail lost his hearing aids. It is not clear how that is at all related to his claim against the defendants in this case who do not work at the county jail. Even self-represented litigants are

4

obligated to abide by the Federal Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Cody v. Loen*, 468 Fed. App'x. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8).

Second, Plaintiff fails to state any action or omission by a defendant. Other than referring to the defendants as "gang leaders," they are not mentioned at all in the complaint. ECF No. 1 at 9. Several of his complaints do not apply to the defendants, such as when he complains that doctors prescribe medications prematurely. It does not appear that any of the defendants are doctors. As written, the complaint offers no clarity what any defendant did or did not do that harmed Plaintiff. Therefore, Plaintiff has not met the requirement that he allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Third, Plaintiff is seemingly attempting to bring this suit on behalf of others. This is not permitted. Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829,

5

830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel."). As related to this case, Plaintiff has no standing to bring claims on behalf of other civilly committed individuals and such claims are subject to dismissal.

Finally, Plaintiff has not followed the rules governing joinder. Rule 18(a) of the Federal Rules of Civil Procedure, which governs joinder of claims, states:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Rule 18(a), Fed. R. Civ. P. Under this Rule, multiple claims may be asserted if Plaintiff sues a *single* defendant. But he cannot pursue multiple claims against several defendants, as he attempts to do here.

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of multiple defendants in a single lawsuit if the plaintiff's claims arise from the same transaction or occurrence and share a common question of law or fact. Fed. R. Civ. P. 20(a). Unrelated claims against different defendants must be filed in different suits. Plaintiff has not demonstrated here that the claims against these four defendants arise from the same transaction or occurrence.

### B. Pro se Motions

Plaintiff filed a motion for emergency help on June 20, 2025. ECF No. 15. This motion primarily details a few acts of alleged abuse committed by individuals who are not defendants in this matter. Also, the alleged acts of abuse occurred to other civilly committed individuals, not to Plaintiff. As stated above, Plaintiff cannot bring an action on behalf of someone other than himself. Similarly, he cannot request action against an individual that is not named as a

6

defendant. Therefore, this motion will be denied.

Plaintiff filed a motion for information on June 20, 2025. ECF No. 16. This motion is six pages, and again details abuse against other individuals. Plaintiff also states there is neglect, which includes going days without hot water, no outside recreation time, and no phone calls. *Id.* at 2. In this motion, Plaintiff requests the Court to send him contact information for agencies and legal experts that can help them. *Id.* at 5. However, on June 27, 2025, Plaintiff wrote a letter to the Court stating that a state agency came to investigate the facility and assigned Plaintiff an advocate, so he would no longer be sending evidence to this Court. ECF No. 22. Therefore, this issue appears to be moot, and the motion will be denied.

Plaintiff's motion for subpoena was filed on June 23, 2025. ECF No. 17. He requests the Court provide him with detailed employment information of all the employees at St. Louis Forensic Hospital, and all of Plaintiff's medical records. *Id.* Plaintiff's complaint has not yet survived initial review, so any request for a subpoena for evidence is premature. The motion will be denied.

Plaintiff filed two motions to appoint counsel a few weeks apart from each other. ECF Nos. 18, 25. It is unclear why he filed duplicate motions to appoint counsel.

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel

7

in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The request for counsel is premature, as a defendant has not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motions for appointment of counsel, without prejudice.

### Instructions for Amending the Complaint

An amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of Plaintiff's claims to be within his amended complaint.

Plaintiff must select the transaction or occurrence he wishes to pursue and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that

arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the form complaint, Plaintiff must write the name of the defendant(s) he wishes to sue. It is important that Plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. He must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Finally, Plaintiff may not bring any claim on behalf of another civilly committed individual. He may only bring claims that relate to him personally.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended

9

complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 24) is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for emergency help (ECF No. 15) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for information (ECF No. 16) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for subpoena (ECF No. 17) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (ECF Nos. 18, 25) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 17th day of November, 2025.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

11